IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

CLAUDIA BORNGEN,
an individual,

      Plaintiff(s),

v.

FIA CARD SERVICES, N.A.,
a national association, and
BANK OF AMERICA, N.A.,
a national association,

      Defendant(s).
_____/

Case No.: 09-3545CO 54

RECEIVED
ST. PETERSBURG BRANCH
APR 16 2009
KEN BURKE
CLERK CIRCUIT COURT

## VERIFIED COMPLAINT

**COMES NOW,** Plaintiff, CLAUDIA BORNGEN ("Plaintiff"), by and through the undersigned counsel, and sues Defendants, FIA CARD SERVICES, N.A. ("FIA") and BANK OF AMERICA, N.A. ("BANK OF AMERICA"), and alleges:

### PRELIMINARY STATEMENT

This is an action for actual and statutory damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter the "FCCPA") and the Fair Debt Collection Practices Act, 11 U.S.C. § 1692a, et. seq. (hereinafter the "FDCPA").

### JURISDICTION & VENUE

1. This is an action for damages that exceeds $5,000.00 and is less than $15,000.00, exclusive of attorneys' fees and costs.

2. Jurisdiction and venue for purposes of this action are conferred by Florida Statute §559.77 and 15 U.S.C. §1692k(d).

3. At all material times herein, the conduct of the Defendants, complained of below, occurred in Pinellas County, Florida.

4. At all material times herein, the Defendants engaged in their usual and customary business within Pinellas County, Florida.

## GENERAL ALLEGATIONS

5. At all times herein, the Defendant FIA was a "creditor" as defined by Florida Statute §559.55. Specifically, the Defendant FIA attempted, directly and indirectly, to collect its debt, a consumer credit card referenced by account number 4313-0700-8312-5986 (hereinafter "the Debt"). The Debt was incurred primarily for personal, household or family use.

6. At all times herein, the Defendants' conduct with regard to the Debt complained of below qualifies as a "communication" as defined by Florida Statute §559.55.

7. At all times herein, the Defendants were each a "person" subject to Florida Statute §559.72.

8. At all times herein, Defendants FIA and BANK OF AMERICA are each construed as a "debt collector" pursuant to 15 U.S.C. 1692(a)(6) and Florida Statute §559.55.

9. Defendant BANK OF AMERICA, as principal, controlled and directed the collection activities of Defendant, FIA, its agent, and knew or should have known FIA was holding itself as BANK OF AMERICA while collecting the Debt.

10. At all times herein, Defendants had alternate contact information for Plaintiff, including but not limited to, Plaintiff's home telephone number and home

address.

11. All conditions precedent to the filing of the action occurred or have been waived by the Defendant.

12. Throughout the months of November 2008 and December 2008, Defendant BANK OF AMERICA called Plaintiff at home in a attempt to collect the Debt.

13. In or about mid-December 2008, Defendant BANK OF AMERICA, despite having an accurate, alternate telephone number for Plaintiff, called Plaintiff's mother in an attempt to collect the Debt.

14. Defendant BANK OF AMERICA left Plaintiff's mother a voice message stating that they were trying to reach Plaintiff. Defendant BANK OF AMERICA requested that Plaintiff return the call as soon as possible.

15. In or about mid-December 2008, Defendant BANK OF AMERICA, despite having an accurate, alternate telephone number for Plaintiff, again called Plaintiff's mother in an attempt to collect the Debt.

16. Defendant BANK OF AMERICA left Plaintiff's mother a voice message stating that they were trying to reach Plaintiff. Defendant BANK OF AMERICA requested that Plaintiff return the call as soon as possible.

17. On or about December 31, 2008, Defendant BANK OF AMERICA's representative "Tiffany" called Plaintiff at Plaintiff's place of employment. Tiffany, unable to reach Plaintiff through the automated switchboard system, opted out of the system and was connected to an operator at Plaintiff's place of employment.

18. Tiffany was then connected to Plaintiff's supervisor, "Kathy Rousseau."

Tiffany identified herself as a representative of "Bank of America" and stated that it was important that she speak with Plaintiff regarding Plaintiff's account.

19. Plaintiff's supervisor Kathy Rousseau transferred Tiffany to Plaintiff's office. Tiffany spoke with Plaintiff, advising Plaintiff that if Plaintiff did not agree to pay the account settlement sum of $1,743.00, Tiffany would start calling all of Plaintiff's friends and neighbors.

20. Fearful and as a direct result of Tiffany's threat, Plaintiff agreed to settle the account and authorized Tiffany to debit Plaintiff's checking account for an initial payment of $134. Please see attached Cleared Check Image labeled Exhibit "A."

21. On or about January 7, 2009, Defendant FIA faxed Plaintiff an acknowledgement of their recent conversation with Plaintiff and outlined the remainder of Plaintiff's payment plan. Please see attached correspondence labeled Exhibit "B1-B3."

22. On or about January 23, 2009, Defendant FIA debited Plaintiff's checking account for $249. Please see attached Cleared Check Image labeled Exhibit "C."

23. On or about February 27, 2009, Defendant FIA debited Plaintiff's checking account for $249. Please see attached Cleared Check Image labeled Exhibit "D."

24. On or about March 16, 2009, at approximately 10:24 a.m. ET, Defendant's representative "Rosa" called Plaintiff at Plaintiff's place of employment in an attempt to collect the Debt. The call was placed from phone number 480-280-4490.

25. Rosa left Plaintiff a voice message stating that she needed Plaintiff to call her back as soon as possible and that it was extremely important that Rosa speak with

Plaintiff immediately. Rosa requested that Plaintiff call her back at phone number 1-800-726-6562. Rosa did not identify the company that she represented nor did she state the purpose of her call.

26. On or about March 18, 2009, at approximately 7:47 p.m. ET, Defendant's representative Rosa again called Plaintiff at Plaintiff's place of employment in an attempt to collect the Debt. The call was placed from phone number 347-237-6461.

27. Rosa left Plaintiff a voice message saying that she was calling about a business matter and requested that Plaintiff return her call at phone number 1-800-726-6562, extension 17137. Rosa did not identify the company that she represented nor did she state the purpose of her call.

28. On or about March 20, 2009, at approximately 7:44 p.m. ET, Defendant's representative Rosa again called Plaintiff at Plaintiff's place of employment in an attempt to collect the Debt. The call was placed from phone number 678-797-7002.

29. Rosa left Plaintiff a voice message stating that she knew that Plaintiff had heard her voice so many times on Plaintiff's voicemail that Plaintiff must be wondering who Rosa was. Rosa went on to say that she really needed to talk to Plaintiff and again admitted that Plaintiff must be wondering who she was. Rosa asked that Plaintiff call her back so that Rosa could explain why she was calling so incessantly and so that they could discuss Plaintiff's business at "[t]he bank." Rosa left phone number 1-800-726-6562, extension 17137. Rosa did not identify the company that she represented nor did she state the purpose of her call.

30. Defendants, FIA and BANK OF AMERICA, communicated with Plaintiff at work and with Plaintiff's employer regarding the Debt notwithstanding having

Plaintiff's alternative contact information and having actually communicated with Plaintiff through said alternative means.

31. Defendants' communication with Plaintiff at work and with Plaintiff's employer is made in an effort to inspire and encourage fear thereby forcing Plaintiff to choose between either making a payment on the Debt or risk adversely affecting Plaintiff's reputation in the workplace and job security.

32. As a direct result of Defendants' actions, Plaintiff has suffered relentless anxiety, stress, inconvenience, and loss of sleep. Plaintiff has also suffered fear of losing her job, fear of harm to her professional reputation and potential for professional advancement, and damages to personal and professional relationships.

33. The Plaintiff has retained Leavengood & Nash, P.A. for the purpose of pursuing this matter against the Defendant and is obligated to pay their attorneys a reasonable fee for their services.

34. Florida Statute Section 559.77 provides for the award of $1,000.00 statutory damages plus actual damages, punitive damages and an award of attorneys' fees and costs to the Plaintiff should the Plaintiff prevail in this matter in this matter against each FIA and BANK OF AMERICA.

35. United States Code Title 15 Section 1692(k)(a)(2)(A) provides for the award of $1,000.00 statutory damages plus actual damages, punitive damages and an award of attorneys' fees to the Plaintiff should the Plaintiff prevail in this matter against FIA and BANK OF AMERICA.

36. As of the date of this complaint, the Defendants have not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has

been obtained by, or transferred to, the Defendants.

## COUNT ONE:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORDA STATUTE § 559.72(7)

The Plaintiff re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further state as follows:

37. The Defendants are subject to, and have violated the provisions of, Florida Statute §559.72(7) by collecting consumer Debts from the Plaintiff through means which can reasonably be expected to abuse or harass the Plaintiff.

38. The Defendants' willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes abusive conduct and harassment as is contemplated under Florida Statute § 559.72(7).

39. As a direct and proximate result of Defendants' actions, the Plaintiff has sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendants for damages, costs, interest, attorneys' fees, and such other equitable relief this Court deems appropriate.

## COUNT TWO:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTE § 559.72(4)

The Plaintiff re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further states as follows:

40. The Defendants are subject to, and have violated the provisions of, Florida Statute §559.72(4) by communicating with Plaintiff's employer without first obtaining a final judgment against Plaintiff.

41. As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages as defined by Florida Statute §559.77.

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendants for statutory damages, actual damages, costs, interest, attorneys' fees, and such other equitable relief this Court deems appropriate.

### COUNT THREE:
### FAIR DEBT COLLECTION PRACTICES ACT –
### VIOLATION OF 15 U.S.C. §1692c(1)

The Plaintiff re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further states as follows:

42. The Defendants are subject to, and have violated the provisions of, 15 U.S.C. §1692c(1) by communicating with Plaintiff at a time or place which should be known to be inconvenient to Plaintiff.

43. As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages as defined by 15 U.S.C. 1692(k).

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendants for statutory damages, actual damages, costs, interest, attorneys' fees, and such other equitable relief this Court deems appropriate.

### COUNT FOUR:
### FAIR DEBT COLLECTION PRACTICES ACT –
### VIOLATION OF 15 §1692c(3)

The Plaintiff re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further states as follows:

44. The Defendants are subject to, and have violated the provisions of, 15 U.S.C. §1692c(3) by communicating with Plaintiff at Plaintiff's place of employment

despite Defendants knowing or having reason to know that such communications are prohibited by Plaintiff's employer.

45. As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages as defined by 15 U.S.C. 1692(k).

**WHEREFORE**, the Plaintiff requests this Court enter a judgment against Defendants for statutory damages, actual damages, costs, interest, attorneys' fees, and such other equitable relief this Court deems appropriate.

## COUNT FIVE:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 §1692d(1)

The Plaintiff re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further states as follows:

46. The Defendants are subject to, and have violated the provisions of, 15 U.S.C. §1692d(1) by threatening to call Plaintiff's family and friends in order to harm Plaintiff's reputation.

47. As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages as defined by 15 U.S.C. 1692(k).

**WHEREFORE**, the Plaintiff requests this Court enter a judgment against Defendants for statutory damages, actual damages, costs, interest, attorneys' fees, and such other equitable relief this Court deems appropriate.

## COUNT SIX:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 §1692d(6)

The Plaintiff re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further states as follows:

48. The Defendants are subject to, and have violated the provisions of, 15 U.S.C. §1692d(6) by consistently contacting Plaintiff without meaningful, truthful disclosure of its identity.

49. As a direct and approximate result of the Defendants' actions, the Plaintiff has sustained damages as defined by 15 U.S.C. 1692(k).

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendants for statutory damages, actual damages, costs, interest, attorneys' fees, and such other equitable relief this Court deems appropriate.

## COUNT SEVEN:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 §1692e(5)

The Plaintiff re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further states as follows:

50. The Defendants are subject to, and have violated the provisions of, 15 U.S.C. §1692e(5) by threatening to take action that cannot be legally and lawfully taken, namely communicating with third parties without a lawful reason for doing so.

51. As a direct and approximate result of the Defendants' actions, the Plaintiff has sustained damages as defined by 15 U.S.C. 1692(k).

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendants for statutory damages, actual damages, costs, interest, attorneys' fees, and such other equitable relief this Court deems appropriate.

## COUNT EIGHT:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 §1692e(10)

The Plaintiff re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further states as follows:

52. The Defendants are subject to, and have violated the provisions of, 15 U.S.C. §1692e(10) by using false representation and deceptive means in attempting to collect the Debt.

53. As a direct and approximate result of the Defendants' actions, the Plaintiff has sustained damages as defined by 15 U.S.C. 1692(k).

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendants for statutory damages, actual damages, costs, interest, attorneys' fees, and such other equitable relief this Court deems appropriate.

## COUNT NINE:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 §1692e(11)

The Plaintiff re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further states as follows:

54. The Defendants are subject to, and have violated the provisions of, 15 U.S.C. §1692e(11) by failing to disclose in its initial oral communication with Plaintiff that Defendant is a "debt collector attempting to collect the Debt and any information obtained will be used for that purpose."

55. Defendants further violated the FDCPA by failing to disclose in subsequent communications with Plaintiff that the communication is from a debt collector.

56. As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages as defined by 15 U.S.C. 1692(k).

**WHEREFORE**, the Plaintiff requests this Court enter a judgment against Defendants for statutory damages, actual damages, punitive damages, costs, interest, attorneys' fees, and such other equitable relief this Court deems appropriate.

## COUNT TEN: VICARIOUS LIABILITY

The Plaintiff re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further states as follows:

57. FIA was an agent of Defendant, principal BANK OF AMERICA, and acted within the scope of its agency while collecting the Debt, as referenced above.

58. Defendant BANK OF AMERICA was aware, or should have been aware, that its agent, Co-Defendant FIA, was unlawfully attempting to collect the Debt by contacting Plaintiff's employer and other third parties and unlawfully threatening Plaintiff in its effort to collect the Debt.

59. Defendant BANK OF AMERICA owes a duty to the Plaintiff to collect the Debt from Plaintiff in a lawful manner.

60. Defendant BANK OF AMERICA breached its duty by failing to take further action to stop its agent, Co-Defendant FIA, from collecting the Debt in violation of the FCCPA and the FDCPA, including but not limited to, contacting Plaintiff's employer with regard to the Debt, threatening to contact Plaintiff's neighbors and friends, and threatening to destroy Plaintiff reputation.

61. BANK OF AMERICA's breach of duty was the cause of injury or damage to Plaintiff.

62. Plaintiffs suffered damages as a result of BANK OF AMERICA's breach of duty.

**WHEREFORE**, Plaintiffs respectfully request this court to enter a judgment against Defendant, BANK OF AMERICA, for the following:

    a.    Declaratory and injunctive relief against Defendant, BANK OF AMERICA, and Co-Defendant, FIA, for violations of the FCCPA and FDCPA;

    b.    Actual Damages;

    c.    Statutory Damages pursuant to Fla. Stat. § 559.77(2) and 15 U.S.C. 1692k (a)(2)(A);

    d.    Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2) and 15 U.S.C. § 1692k (a)(3); and

    e.    Such other relief as may be just and proper.

### DEMAND FOR JURY TRIAL

63.    Plaintiff hereby demands a trial by jury on all issues triable by right.

Respectfully Submitted,

**LEAVENGOOD & NASH, P.A.**

**Ian R. Leavengood, Esq., FBN 0010167**
2958 First Avenue North
St. Petersburg, FL 33713
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
Attorney for Plaintiff