UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| CLAUDIA BORNGEN, an individual, | ) ) ) | |
| Plaintiff(s), | ) ) | |
| vs. | ) ) | |
| FIA CARD SERVICES, N.A., a national association, and BANK OF AMERICA, N.A., a national association, | ) ) ) ) ) | Case No. 8:09-cv-00955-SCM-TBM |
| Defendant(s). | ) ) | |

## DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT

Defendants FIA CARD SERVICES, N.A. ("FIA") and BANK OF AMERICA, N.A.

("Bank of America") answer Plaintiff's Complaint as follows:

## PRELIMINARY STATEMENT

FIA and Bank of America admit for jurisdictional purposes that this is an action for

violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes

(hereinafter the "FCCPA") and the Fair Debt Collection Practices Act, 11 U.S.C. §1692a, et.

seq. (hereinafter the "FDCPA").

## JURISDICTION AND VENUE

1.    Admitted.

2.    Admitted for jurisdictional purposes only.

3.    Admitted for jurisdictional purposes only.

4.      Admitted that FIA and Bank of America conduct business in Pinellas County, Florida.

## GENERAL ALLEGATIONS

5.      FIA admits it is a "creditor" pursuant to §559.55, Fla. Stat., and that Plaintiff has an account with FIA.  FIA is without knowledge as to whether the card was used for personal or business and therefore denies Paragraph 5.  Bank of America is without knowledge as to Plaintiff's account with FIA and therefore denies Paragraph 5.

6.      FIA and Bank of America are without knowledge as to the conduct which Plaintiff references, and therefore deny Paragraph 6.

7.      Admitted.

8.      Admitted that FIA and Bank of America may be debt collectors under §559.55, Fla. Stat., if each attempted to collect a debt from Plaintiff, but deny FIA and Bank of America are debt collectors pursuant to 15 U.S.C. 1692(a)(6).

9.      FIA and Bank of America deny Paragraph 9.  Bank of America and FIA are both wholly-owned subsidiaries of Bank of America Corporation, and are not agents of or and authority or control over each other.

10.      FIA and Bank of America are without knowledge as to what Plaintiff refers to as "alternate" contact information, but Bank of America is without knowledge regarding an FIA account and therefore denies Paragraph 10.  FIA admits Plaintiff provided her contact information to FIA.

11.      Denied.  FIA and Bank of America are not debt collectors pursuant to the FDCPA.

2

12.     Denied.

13.     Bank of America denies that it attempted to contact Plaintiff in any manner as the account at issue is not held or serviced by Bank of America.

14.     Bank of America denies that it attempted to contact Plaintiff in any manner as the account at issue is not held or serviced by Bank of America.

15.     Bank of America denies that it attempted to contact Plaintiff in any manner as the account at issue is not held or serviced by Bank of America.

16.     Bank of America denies that it attempted to contact Plaintiff in any manner as the account at issue is not held or serviced by Bank of America.

17.     Bank of America denies that it attempted to contact Plaintiff in any manner as the account at issue is not held or serviced by Bank of America.

18.     Bank of America is without knowledge regarding the Account and therefore denies Paragraph 18.  FIA admits that its customer service representative contacted Plaintiff.

19.     Denied.

20.     FIA and Bank of America are without knowledge as to Plaintiff's motives for paying the debt, and therefore deny Paragraph 20.

21.     FIA admits that it faxed a payment plan to Plaintiff.  Bank of America is without knowledge as to FIA's actions and therefore denies Paragraph 21.

22.     FIA admits Paragraph 22. Bank of America is without knowledge as to FIA's actions and therefore denies Paragraph 22.

23.     FIA admits Paragraph 23. Bank of America is without knowledge as to FIA's actions and therefore denies Paragraph 23.

24.     FIA admits Paragraph 24. Bank of America is without knowledge as to FIA's actions and therefore denies Paragraph 24.

25.     FIA admits Paragraph 25. Bank of America is without knowledge as to FIA's actions and therefore denies Paragraph 25.

26.     FIA admits Paragraph 26. Bank of America is without knowledge as to FIA's actions and therefore denies Paragraph 26.

27.     FIA admits Paragraph 27. Bank of America is without knowledge as to FIA's actions and therefore denies Paragraph 27.

28.     FIA admits Paragraph 28. Bank of America is without knowledge as to FIA's actions and therefore denies Paragraph 28.

29.     FIA admits Paragraph 29. Bank of America is without knowledge as to FIA's actions and therefore denies Paragraph 29.

30.     FIA admits it contacted Plaintiff regarding her account. Bank of America is without knowledge as to FIA's actions and therefore denies Paragraph 30 as to FIA.  Bank of America denies it contacted Plaintiff at any time.

31.     Denied.

32.     Denied.

33.     FIA and Bank of America are without knowledge as to Paragraph 33 and therefore deny same.

34.     FIA and Bank of America deny Paragraph 34. Section 559.77, Fla. Stat. allows for punitive damages only after a finding of willful failure to comply with the Act. FIA and  Bank of America deny any such allegations.

ORLA_1314189.1

35.     Denied. FIA and Bank of America are not debt collectors under the FDCPA.

36.     Admitted.

## COUNT ONE: UNFAIR DEBT COLLECTION PRACTICE—VIOLATION OF FLORIDA STATUTE §559.72(7)

Defendants reassert the answers from paragraphs 1 through 36 as if fully restated.

37.     Denied.

38.     Denied.

39.     Denied.

Wherefore, FIA and Bank of America are entitled to judgment in their favor on Count One and such other relief as the Court deems just and proper.

## COUNT TWO: UNFAIR DEBT COLLECTION PRACTICE—VIOLATION OF FLORIDA STATUTE §559.72(4)

Defendants reassert the answers from paragraphs 1 through 36 as if fully restated.

40.     Denied.

41.     Denied.

Wherefore, FIA and Bank of America are entitled to judgment in their favor on Count Two and such other relief as the Court deems just and proper.

## COUNT THREE: FAIR DEBT COLLECTION PRACTICES ACT—VIOLATION OF 15 USC §1692c(1)

Defendants reassert the answers from paragraphs 1 through 36 as if fully restated.

42.     Denied.

43.     Denied.

Wherefore, FIA and Bank of America are entitled to judgment in their favor on Count Three and such other relief as the Court deems just and proper.

ORLA_1314189.1

## COUNT FOUR: FAIR DEBT COLLECTION PRACTICES ACT—VIOLATION OF 15 USC §1692c(3)

Defendants reassert the answers from paragraphs 1 through 36 as if fully restated.

44.    Denied.

45.    Denied.

Wherefore, FIA and Bank of America are entitled to judgment in their favor on Count Four and such other relief as the Court deems just and proper.

## COUNT FIVE: FAIR DEBT COLLECTION PRACTICES ACT—VIOLATION OF 15 USC §1692d(1)

Defendants reassert the answers from paragraphs 1 through 36 as if fully restated.

46.    Denied.

47.    Denied.

Wherefore, FIA and Bank of America are entitled to judgment in their favor on Count Five and such other relief as the Court deems just and proper.

## COUNT SIX: FAIR DEBT COLLECTION PRACTICES ACT—VIOLATION OF 15 USC §1692d(6)

Defendants reassert the answers from paragraphs 1 through 36 as if fully restated.

48.    Denied.

49.    Denied.

Wherefore, FIA and Bank of America are entitled to judgment in their favor on Count Six and such other relief as the Court deems just and proper.

## COUNT SEVEN: FAIR DEBT COLLECTION PRACTICES ACT—VIOLATION OF 15 USC §1692e(5)

Defendants reassert the answers from paragraphs 1 through 36 as if fully restated.

6

50.     Denied.

51.     Denied.

Wherefore, FIA and Bank of America are entitled to judgment in their favor on Count

Seven and such other relief as the Court deems just and proper.

## COUNT EIGHT: FAIR DEBT COLLECTION PRACTICES ACT—VIOLATION OF 15 USC §1692e(10)

Defendants reassert the answers from paragraphs 1 through 36 as if fully restated.

52.     Denied.

53.     Denied.

Wherefore, FIA and Bank of America are entitled to judgment in their favor on Count

Eight and such other relief as the Court deems just and proper.

## COUNT NINE: FAIR DEBT COLLECTION PRACTICES ACT—VIOLATION OF 15 USC §1692e(11)

Defendants reassert the answers from paragraphs 1 through 36 as if fully restated.

54.     Denied.

55.     FIA and Bank of America are not debt collectors pursuant to the FDCPA and

therefore deny Paragraph 55.

56.     Denied.

Wherefore, FIA and Bank of America are entitled to judgment in their favor on Count

Nine and such other relief as the Court deems just and proper.

## COUNT TEN: VICARIOUS LIABILITY

Defendants reassert the answers from paragraphs 1 through 36 as if fully restated.

ORLA_1314189.1

57.     FIA and Bank of America are not agents of and have no authority or control over each other.  Both companies are independent, wholly-owned subsidiaries of Bank of America Corporation.  FIA and Bank of America therefore deny Paragraph 57.

58.     FIA and Bank of America are not agents of and have no authority or control over each other.  Both companies are independent, wholly-owned subsidiaries of Bank of America Corporation.  FIA and Bank of America therefore deny Paragraph 58.

59.     Bank of America has duties provided by law.  All other allegations are denied.

60.     FIA and Bank of America are not agents of and have no authority or control over each other.  Both companies are independent, wholly-owned subsidiaries of Bank of America Corporation.  FIA and Bank of America therefore deny Paragraph 60.

61.     Denied.

62.     Denied.

Wherefore, FIA and Bank of America are entitled to judgment in their favor on Count Ten and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

63.     FIA and Bank of America admit Plaintiff may demand a jury trial, but deny Plaintiff is entitled to any relief therefrom.

## FIA AND BANK OF AMERICA'S AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a cause of action against Bank of America, N.A., as it has no authority or control over FIA and it is not FIA's agent.  Plaintiff has not alleged an action regarding a separate checking or savings account with Bank of America.

2.     At all material times hereto FIA complied with the provisions of the FDCPA.

ORLA_1314189.1

3.      At all material times hereto FIA complied with the provisions of the FCCPA.

4.      FIA and Bank of America are not debt collectors pursuant to the FDCPA.

5.      To the extent that there were any purported violations of the FDCPA or the FCCPA, those purported violations were the result of bona fide errors, despite procedures to safeguard against such error.

6.      To the extent that there were any purported violations of the FDCPA or the FCCPA, FIA did not have the requisite intent to commit any such violations.

Dated:  June 1, 2009

Respectfully submitted,

/s/ Christi R. Adams
Christi R. Adams, Florida Bar No. 0498351
Barbara J. Leach, Florida Bar No. 0047513
Foley & Lardner LLP
111 North Orange Avenue, Suite 1800
Orlando, FL  32801-2386
P. O. Box 2193
Orlando, FL 32802-2193
407.423.7656
407.648.1743

Attorneys for FIA CARD SERVICES, N.A.
and BANK OF AMERICA, N.A.

ORLA_1314189.1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 1, 2009, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to Ian R. Leavengood, at Leavengood & Nash, P.A.

/s/Christi R. Adams
Christi R. Adams, Florida Bar No. 0498351

ORLA_1314189.1